IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MANNASMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 09 CV 1380 |
| | ) | |
| vs. | ) | Judge Castillo |
| | ) | |
| PURCO FLEET SERVICES, INC., | ) | Magistrate Judge Keys |
| VANGUARD CAR RENTAL USA, INC., | ) | |
| and CORPAT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CORPAT, INC.'S MOTION TO DISMISS AND JOINDER IN PURCO FLEET SERVICES, INC.'S MOTION TO DISMISS**

Defendant Corpat, Inc. ("Corpat") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that Corpat is not subject to the personal jurisdiction of this Court. Alternatively and independently, but without waiving its jurisdictional argument, Corpat joins in the separate motion to dismiss filed by defendant PurCo Fleet Services, Inc.

**INTRODUCTION**

Corpat is a Montana car rental company that operates exclusively in five states and has no jurisdictional contacts with the State of Illinois. Corpat entered into a rental car agreement—expressly governed by and subject to Montana law—with plaintiff Stephen Mannasmith in Montana. Mannasmith picked up his rental car from Corpat's rental counter at the Billings, Montana airport and returned it to Corpat's rental counter in Bozeman, Montana. The car was damaged during the

404069v.6

term of Mannasmith's lease. Thus, the claim against Corpat does not arise out of any alleged contacts Corpat itself had with the State of Illinois.

Mannasmith's Amended Complaint does not allege that Corpat itself had any contact with Illinois, either generally or specific to this case. Instead, Mannasmith asks this Court to assert jurisdiction over Corpat by alleging that defendant PurCo Fleet Services, Inc. ("PurCo") is Corpat's agent, and that *PurCo's* communication with Mannasmith in Illinois gives rise to jurisdiction over Corpat in Illinois. As a matter of law, however, the contractual relationship between Corpat and PurCo is not an agency relationship, but is merely one of assignor and assignee between independent contractors. PurCo and Corpat's written contract, which was in the plaintiff's possession before he filed his Amended Complaint, expressly disclaims any other relationship, including that of principal and agent. Mannasmith's conclusory allegations are contrary to fact and do not support the exercise of jurisdiction over Corpat in Illinois.

Mannasmith also asks this Court to assert jurisdiction over Corpat based on the alleged contacts of its rental car agency licensor, Vanguard Car Rental Services USA, Inc., with Illinois. Corpat, though, also has no principal/agent relationship with Vanguard. Thus, Vanguard's alleged contacts with Illinois also cannot serve as a basis for exercising jurisdiction over Corpat.

Finally, and independently, the Amended Complaint should be dismissed as to Corpat because it should be dismissed as to PurCo for the reasons set forth in PurCo's separately filed motion to dismiss.

A.   *Statement of the Case*

   1.   **Corpat Has No Presence in Illinois.**

Corpat is, and has always been, a Montana corporation.  *See* Affidavit of Andrew Wilcox ¶¶ 1-2, filed herewith.  It is headquartered in Montana, and its operational presence is confined to the states of Montana, Wyoming, Idaho, North Dakota, and South Dakota.  *Id.* ¶ 2.  Corpat has no operations, offices, or employees in Illinois.  *Id.* ¶¶ 2, 6-7.  It has no bank accounts in Illinois.  *Id.* ¶ 9.  It neither owns nor uses real property in Illinois.  *Id.* ¶ 10.  It has no presence in Illinois and is not subject to service in Illinois.  *Id.* ¶ 13., *passim*.

To the limited extent Corpat engages in advertising and marketing activities, those activities are likewise confined to Montana, Wyoming, Idaho, and North Dakota, and are not directed to Illinois or Illinois residents.  *Id.* ¶ 11.  Corpat does not maintain a website and does not, apart from a telephone directory listing, conduct advertising or marketing activities.  *Id.* ¶¶ 11-12.

   2.   **The Corpat/PurCo Agreement**

In 1998, Corpat and PurCo entered into an Agreement for Services.  PurCo agreed to train Corpat and its employees on vehicle damage issues.  (A true and correct copy of the Agreement is attached as **Exhibit** A.)  Under the Agreement, Corpat assigned to PurCo "all claims, rights and causes of action" relating to car rental damages.  *See* Exhibit A § 3.  PurCo remits a portion of recoveries on assigned claims to Corpat.  *See* Exhibit A § 7.

The Agreement between PurCo and Corpat is governed by Utah substantive law, Exhibit A § 8, and expressly creates a relationship of assignor and assignee between Corpat and PurCo—nothing else.  The Agreement expressly provides:

> **The relationship of the parties is that of assignor and assignee** of all claims, rights and causes of action relating to the Files,[1] subject to the terms of this Agreement, **and nothing in this Agreement shall be construed to create a relationship of employer and employee, principal and agent, partner and partner, or any other relationship**.

Exhibit A  § 3 (emphasis added).

### 3. The Corpat/Vanguard License Agreement

On November 29, 2002, Corpat entered into a License Agreement with Vanguard's predecessor in interest (the "License Agreement").  Wilcox Aff. ¶ 3 & Ex. 1 thereto.  Under the License Agreement, Corpat is authorized by Vanguard to operate, as an independent licensee, rental locations in a geographically restricted territory under the Alamo/National name.  *Id.* ¶ 3.  That territory does not include Illinois, but does include the Billings and Bozeman, Montana locations where the plaintiff picked up and dropped off his rental car.  *Id.* ¶¶ 2, 14.  As a Vanguard licensee, Corpat passively receives online reservations placed by customers through Vanguard's computerized reservation system, www.vanguardcar.com.  *Id.* ¶ 5.

The License Agreement does not confer any status on Corpat vis-à-vis Vanguard other than an independent contractor and licensee.  Wilcox Aff. ¶ 4.  Corpat is not Vanguard's subsidiary, partner, joint venturer, agent or employee.  The License Agreement explicitly states:

---

[1] "File" is defined as "a claim for damage to a specific motor vehicle, and includes all documentation relating to the claim." Exhibit A at § 2(b).

> You shall not identify yourself as us or as a subsidiary, division, partner, joint venturer, attorney-in-fact, agent or employee of us, or as being associated with us in any manner other than as our licensee.
>
> .    .    .    .    .
>
> It is understood and agreed by [Corpat] and [Vanguard's predecessor] that this Agreement does not create a fiduciary relationship between us; that **you are an independent contractor; and that nothing in this Agreement is intended to make either of us an agent, legal representative, subsidiary, joint venturer, partner, employee, or servant of the other for any purpose whatsoever.**

*Id.* ¶ 4 (emphasis added).

### 4. <u>The Rental Agreement</u>

As an independent licensee of Vanguard entitled to use the "Alamo" brand name, Corpat entered into a car rental agreement with plaintiff Mannasmith in September 2008 in Billings, Montana (the "Rental Agreement," **Exhibit** B hereto). Under the Rental Agreement's forum selection and choice of law provisions, disputes between Corpat and Mannasmith are subject to Montana law and legal actions may only be filed in Montana. *See* Exhibit B, "Terms and Conditions" § 15.

The Rental Agreement reflects that plaintiff picked up a gray Nissan Maxima with Wyoming license plates from Corpat's retail counter at the Billings, Montana airport on September 15, 2008. *See* Exhibit B. On September 16, 2008, plaintiff was operating the rental car when he reportedly hit a coyote, damaging the vehicle. Plaintiff exchanged the damaged rental car at Corpat's Bozeman, Montana location on September 16, 2008, and returned the replacement car to Corpat's rental counter

in Billings on September 25, 2009. Plaintiff paid for the rental car in Montana. Wilcox Aff. ¶ 14.

## B.  *Plaintiff's Jurisdictional Allegations Against Corpat*

Plaintiff does not allege that Corpat does business in Illinois generally or took any action in Illinois related specifically to this case. Instead, the plaintiff's jurisdictional allegations as to Corpat are based on Corpat's alleged relationships with Defendants PurCo and Vanguard. Specifically, plaintiff alleges:

- PurCo sent alleged "collection" communications to plaintiff in Illinois on behalf of Corpat. *See* First Amended Complaint filed by plaintiff on March 24, 2009 ("Am. Cplt.")[2] ¶ 3(a)-(b).

- Corpat allegedly "employed an unlicensed and illegal collection agency, Purco, to engage in illegal collection activity in Illinois." *Id.* ¶ 3(e).

- Corpat "d/b/a Alamo/National Car Rental, is a corporation with offices at 2000 West Broadway, Suite D, Missoula, Montana. It is a franchisee of defendant Vanguard and participates in the computerized Alamo/National rental car network, so as to obtain business from travelers located in other states, such as Illinois." *Id.* ¶ 12.

- "Vanguard arranged for its franchisee Corpat, Inc., to furnish the [rental] car to plaintiff." *Id.* ¶ 13.[3]

- After Mannasmith's insurance company paid for physical damages to the vehicle, PurCo, "acting on behalf of Defendants Vanguard and Corpat, has dunned Plaintiff for additional sums which Purco claims to be due under Plaintiff's Alamo contract." *Id.* ¶ 15.

- The October 9, 2008 letter from PurCo to plaintiff attached as Exhibit A to plaintiff's Amended Complaint "was sent on behalf of Vanguard and Corpat." *Id.* ¶ 18.

- Charges for "diminution of value" and an "administrative fee" are "standard charges regularly imposed by Purco, supposedly on behalf of Defendant Vanguard and Alamo franchisees such as Corpat." *Id.* ¶ 22.

---

[2] Docket No. 18.
[3] Since the filing of the Amended Complaint, Vanguard has been dismissed as a defendant based on its verified non-involvement in the events underlying this case.

### C. *Plaintiff's Causes of Action Against Corpat*

Mannasmith asserts two causes of action against Corpat. Count II of the Amended Complaint alleges violations of the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* (the "ICAA"). Am. Cmpl. ¶¶ 40-56. Count IV seeks declaratory and injunctive relief regarding plaintiff's alleged liability for the damaged rental car. *See id.* at ¶¶ 70-73.

### ARGUMENT

Plaintiff's action against Corpat should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court does not have personal jurisdiction over Corpat.

### I. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER CORPAT.

Corpat does not have sufficient contacts with the State of Illinois for this Court to constitutionally exercise personal jurisdiction. On this record, Mannasmith's claims are insufficient to support the exercise of personal jurisdiction over Corpat without offending due process.

### A. *Fed. R. Civ. P. 12(b)(2) Standard*

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See Vlasak v. Rapid Collection Sys., Inc.*, 962 F. Supp. 1096, 1097-98 (N.D. Ill. 1997). A court may exercise personal jurisdiction over a defendant only if the plaintiff shows that the defendant is amenable to service of process from the court and that the exercise of jurisdiction accords with due process. *See United*

*States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). As demonstrated below, neither requirement is satisfied here.

The Illinois long-arm statute allows jurisdiction over defendants who commit certain enumerated acts within the state. 735 Ill. Rev. Stat. 5/2-209(a). These acts include "(1) the transaction of any business within [Illinois]," "(2) the commission of a tortious act within [Illinois]," and "(7) the making or performance of any contract or promise substantially connected with [Illinois]." 735 Ill. Rev. Stat. 5/2-209(a)(1), (2), (7). The statute also includes a catch-all provision that authorizes personal jurisdiction to the limits of the Illinois and United States constitutions. 735 Ill. Rev. Stat. 5/2-209(c).

An entity is "doing business in Illinois if it engages in a 'regularity of activities in Illinois,'" that is, "if it operates … 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). Courts look particularly to whether the cause of action arises from the defendant's business transactions in Illinois. *See Cook*, 429 N.E.2d at 850. When a contract is involved, courts consider: (1) who initiated the contract; (2) where the contract was entered; and (3) where performance was to occur. *See Ozonology Inc. v. Campbell*, 1998 U.S. Dist. LEXIS 15743 (N.D. Ill. Sept. 24, 1998); *Rose v. Franchetti*, 713 F. Supp. 1203, 1208 (N.D. Ill. 1989).

With regard to the catch-all provision, § 2-209(c), Illinois courts "have given little guidance as to how state due process protection differs from federal." *RAR*,

*Inc. v. Turner Diesel, Ltd*, 107 F.3d 1272, 1276 (7th Cir. 1997). Courts therefore focus on federal due process, which requires that a defendant have sufficient contacts with the state under *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945). To satisfy due process, a plaintiff must show that the defendant has sufficient "minimum contacts" with the forum such that the court's exercise of personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice." *Id.* at 316. These contacts must result from a defendant's own activities directed toward the forum state. In other words, a defendant must "purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### B.   *Corpat is Not Subject to Jurisdiction in Illinois*

Corpat is not amenable to service of process under Illinois' long-arm statute, and dismissal under Fed. R. Civ. P. 12(b)(2) is therefore appropriate. The plaintiff has not alleged that Corpat falls within any of the categories enumerated in 735 Ill. Rev. Stat. 5/2-209(a). Even so, as a matter of law, none of the categories applies to Corpat.

***First***, Corpat does not transact business in Illinois because it does not engage in a "regularity of activities in Illinois […] with a fair measure of permanence and

continuity." *Michael J. Neuman & Assocs., Ltd.*, 15 F.3d at 724. Corpat is a Montana corporation that has never been registered to do business in Illinois and has no registered agent in Illinois. *See* Wilcox Aff. ¶ 2. Corpat's operations are limited to Montana, Wyoming, Idaho, North Dakota, and South Dakota; it has no employees, offices, or agents in Illinois, and does not communicate with or solicit Illinois business from Illinois residents. *Id.* ¶¶ 2-10. It maintains no accounts or real property in Illinois. *Id.* ¶¶ 7-8. Moreover, the Rental Agreement was initiated by the plaintiff, signed in Montana, subject to Montana law, and performed in Montana. *Id.* ¶ 14. The rental car damages underlying the suit arose from alleged wildlife contact during the term of the rental in Montana. Under *Ozonology Inc. v. Campbell*, *supra*, each of these factors militates against a finding that Corpat "does business" in Illinois or that the rental contract was centered here.

Moreover, assuming as true the allegation that the plaintiff made a reservation for the rental vehicle online from Illinois, "courts have consistently refused to exercise jurisdiction based solely on the fact that reservations can be placed and purchased through a website." *Apollo Galileo USA Partnership v. American Leisure Holdings, Inc.*, 2009 U.S. Dist. LEXIS 11112, at *11, (N.D. Ill. February 11, 2009) (citing *Breschia v. Paradise Vacation Club, Inc.*, 2003 U.S. Dist. LEXIS 21761 (N.D. Ill. Dec. 4, 2003)). Beyond this, the plaintiff's claim arises not from the contacts associated with this reservation, but from alleged subsequent contacts following the damage incident. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707,

716 (7th Cir. 2002) (where defendant's contacts with the forum state are limited, the suit must arise out of or be related to the contacts).

*Second*, Corpat has not committed a tortious act within Illinois. The plaintiff does not allege any wrongful activity of Corpat itself in Illinois or directed in any way toward Illinois or its residents. To the extent plaintiff's claims are asserted against Corpat, they are premised exclusively on Corpat's alleged status as a principal of PurCo and/or as a franchisee of Vanguard. But these premises fail as a matter of law because there is no principal-agent relationship between Corpat on the one hand and either PurCo or Vanguard on the other hand.

Corpat's License Agreement with Vanguard explicitly states: "…you are an independent contractor [and] nothing in this Agreement is intended to make either of us an agent, legal representative, subsidiary, joint venturer, partner, employee, or servant of the other for any purpose whatsoever." Exhibit 1 to Wilcox Aff. Under South Carolina law, which governs the License Agreement, Corpat cannot be considered an agent of Vanguard. It is well-settled under South Carolina law that the "cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." *McGill v. Moore*, 672 S.E.2d 571, 574, 381 S.C. 179 (S.C. 2009) (citing *Schulmeyer v. State Farm Fire and Cas. Co.,* 353 S.C. 491, 495, 579 S.E.2d 132, 134 (2003)). "Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." *Id.* (citations omitted). There is no basis to disturb Corpat's independent contractor and licensee status so unambiguously established and

described in the License Agreement. *See, e.g., Graves v. Serbin Farms,* 409 S.E.2d 769, 770-71 306 S.C. 60 (S.C. 1991) (refusing to admit extrinsic evidence where contract clearly and unambiguously created "the relationship of independent contractor only").

Corpat's status as Vanguard's franchisee or licensee does not, as a matter of law, subject Corpat to Illinois jurisdiction merely because Vanguard has designated an agent in Illinois. "[T]he mere fact that a franchisor has franchisees in a particular state does not subject it to that state's jurisdiction," *Santora v. Starwood Hotels and Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 700 (N.D. Ill. 2008) (citing *Oddi v. Mariner-Denver, Inc.*, 461 F. Supp. 306, 310 (D.C. Ind. 1978)). It follows that a franchisor's registration to do business in Illinois does not confer personal jurisdiction over a franchisee licensed, and granted a franchise, only outside the state.[4]

Similarly, Corpat's relationship with PurCo under its Agreement "is that of assignor and assignee," not "employer and employee, principal and agent, partner and partner, or any other relationship." Exhibit A § 3. Utah law, which governs the Agreement between Corpat and PurCo, provides that where the "language within the four corners of the contract is unambiguous, the parties' intentions are to be determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." *Encon Utah, LLC v. Fluor Ames Kraemer,*

---

[4] Further, neither the jurisdictional contacts of PurCo nor Vanguard can be carried over to Corpat, because the plaintiff has not alleged and cannot demonstrate that either PurCo or Vanguard exercised greater-than-normal control over Corpat. *See Santora*, 580 F. Supp. 2d at 700 (holding that where the only contact a company had with Illinois was its receipt of fees from Illinois franchisees, that was insufficient to establish minimum contacts).

*LLC*, 2009 UT 7, at *P15 (Utah 2009) (internal citations omitted).⁵  Thus, as a matter of law, Corpat is an assignee—and nothing else—of PurCo under their unambiguous Agreement.  The Court should not second-guess the parties' intention as clearly expressed in their Agreement.  *See, e.g., Jensen v. Kidman*, 85 Utah 27, 36-37, 38 P.2d 303 (Utah 1934) (in determining assignee status, court looked exclusively to written assignment agreement).

Plaintiff's conclusory allegation that PurCo is an agent of Corpat (Am. Compl. ¶ 15) does not compel a different result.  In a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of proving that there is a valid basis for jurisdiction over the defendant.  *Consolidated Comm. Controls, Inc. v. 5 Star Supply, LLC*, 2008 U.S. Dist. LEXIS 96559, at *3 (N.D. Ill. November 26, 2008).  A plaintiff cannot meet this burden by making conclusory allegations in the face of sworn testimony.  *Id.*  ("[T]he Court accepts all well-pleaded factual allegations in the complaint as true unless controverted by the defendant's affidavits.")  *See also Pilivauskas v. Yakel*, 629 N.E.2d 733, 738 (Ill. App. 1994) ("All undenied well-pled allegations in the complaint must be accepted as true, however facts contained in an uncontested affidavit must also be accepted as true."); *Riemer v. KSL Recreation Corp.*, 807 N.E.2d 1004, 1019 (Ill. App. 2004) (holding that "any general inference that might have been drawn in favor of the [plaintiff] . . . was negated by [a] specific sworn statement that [a] California parent did not control [a subsidiary with an] Illinois office").

---

⁵ Plaintiff's counsel had a copy of the Corpat/PurCo Agreement at the time of the filing of the Amended Complaint.  It was provided in pleadings filed between this same plaintiff and PurCo in Illinois state court.

***Third***, the catch-all provision of the long-arm statute does not apply to Corpat. As set forth above, Corpat has absolutely no presence in, and has had no relevant contact with, Illinois. It has no offices, employees, agents, accounts, or property in Illinois. It does not direct marketing or advertising efforts toward Illinois, solicit business from Illinois residents, or initiate communications with Illinois residents. *See* Wilcox Aff. ¶¶ 2-13. Corpat cannot, therefore, be said to "purposefully avail itself of the privilege of conducting activities within [Illinois], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. at 253.

These same facts illustrate the total absence of any contacts between Corpat and Illinois. Corpat's personnel and documents are all located out of state, making Corpat's participation in discovery prohibitively costly and inconvenient. Having never conducted business or designated an agent here, Corpat has not received benefits or protections of Illinois law, and certainly did not anticipate being sued here. The exercise of personal jurisdiction over Corpat under these circumstances would offend due process. *See id.* Based on these clear considerations in this case, Corpat's motion to dismiss for lack of personal jurisdiction should be granted.

## II. THE CASE SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN PURCO'S SEPARATE MOTION.

Without waiving its defense of personal jurisdiction, Corpat further submits that this case should be dismissed for the reasons set forth in defendant PurCo Fleet Services, Inc.'s separately filed Motion to Dismiss. Even if Corpat were subject to the jurisdiction of the Court and/or even if PurCo were an agent of

Corpat, PurCo demonstrates that Counts II and IV asserted against Corpat should be dismissed.  Corpat therefore joins in PurCo's motion, but only if the Court were to determine that Corpat is subject to personal jurisdiction in Illinois.

## CERTIFICATION OF COMPLIANCE

The undersigned certify that they have complied with the Court's Case Management Procedures, first by serving plaintiff's counsel with a concise letter summarizing the legal and factual grounds for this motion, with references to supporting authorities, and then by meeting and conferring by telephone in an attempt to resolve the issues relating to this motion without the need for filing the motion.

DATED this 14th day of May, 2009.

                              VAN COTT, BAGLEY, CORNWALL
                                    & MCCARTHY, P.C.

By: s/     Mary Jane E. Wagg
       Stephen K. Christiansen
       (admission pending)
       Mary Jane E. Wagg
       (admitted *pro hac vice*)

36 S. State Street, Suite 1900
Salt Lake City, Utah 84111
schristiansen@vancott.com
mwagg@vancott.com
Telephone:   801-532-3333
Facsimile:   801-534-0058


LOCKE LORD BISSELL & LIDDELL LLP

111 South Wacker Drive
Chicago, Illinois 60606
rperdew@lockelord.com
Telephone:   312-443-1712
Facsimile:   312-896-6712

     ***Co-Counsel for Corpat, Inc.***